## CHURCHILL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1895.)

### No. 468.

UNITED STATES COMMISSIONERS—FEES—DISTRICT OF WYOMING.

United States commissioners in the district of Wyoming are not entitled to double fees for services for which their compensation is made by Rev. St. § 847, the same as that allowed to clerks, although the clerks of the United State courts in Wyoming are allowed double fees by the act admitting that state (26 Stat. c. 664, § 16).

In Error to the District Court of the United States for the District of Wyoming.

This was an action by Edmund J. Churchill, United States commissioner, against the United States, for fees. The district court gave judgment for the defendant. Plaintiff brings error.

Edmund J. Churchill, for plaintiff in error.

Edward C. Stringer, for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by the plaintiff in error, Edmund J. Churchill, against the United States, the defendant in error, to recover double fees for certain services performed by the plaintiff in error as commissioner of the circuit court of the United States for the district of Wyoming. The fees of commissioners of the circuit courts for the most of the services they are authorized to perform are specifically expressed by section 847 of the Revised Statutes of the United States. That section, however, contains this provision: "For issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services." The plaintiff in error in his brief says: "As to fees expressly fixed by this statute, the plaintiff concedes that he may not charge more; but as to fees for services for which he is authorized to charge the same fee that is allowed to clerks for like services," he contends that the fees chargeable by the clerk of the United States district court for the district of Wyoming furnishes the rule, and that, as that clerk is entitled to double fees for his services, the plaintiff is entitled to double fees for his services as commissioner. The contention is not well founded. The act admitting Wyoming into the Union provides:

"The marshal, district attorney and clerk of the circuit and district courts of said district, and all other officers and persons performing duties in the administration of justice therein, shall severally possess the powers and perform the duties lawfully possessed and required to be performed by similar officers in other districts of the United States; and shall for the services they may perform, receive the fees and compensation allowed by law to other similar officers and persons performing similar duties in the state of Oregon." 26 Stat. 225, c. 664, § 16.

At the date of the passage of this act there was no statute in force giving commissioners of circuit courts for the state of Oregon any

greater compensation than was given by law to commissioners in other states. There was such an act in force at one time, but it expired by its own limitation in 1857, and for that reason was not carried into the Revised Statutes. 10 Stat. 169, c. 80, § 3. Section 837, Rev. St. U. S., provides that the district attorneys and marshals for the districts of Oregon and Nevada shall receive for their services double the fees established by the fee bill; and section 840 provides that the clerks of the several circuit and district courts in California, Oregon, and Nevada shall be entitled to receive double the fees allowed to clerks by the fee bill. It will be observed that commissioners of the circuit courts are not included in the enumeration of the officers favored with double fees. The double compensation which inures to the district attorney, marshal, and clerk in Wyoming under the provisions contained in the act approved July 10, 1890, and sections 837 and 840 of the Revised Statutes, does not extend to commissioners. The office of the commissioner of the circuit court in Wyoming is similar to the like offices in Oregon, and is dissimilar to the office of district attorney, marshal, or clerk. It results that commissioners in Wyoming are entitled to receive the same fees that commissioners in Oregon receive, and that is single, and not double, fees. The judgment of the district court of the United States for the district of Wyoming is affirmed.